ROBERT W. SELBERG *vs.* BAY OF NAPLES, INC.

Cumberland. Opinion December 26, 1931.

*Albert E. Anderson,*
*Harry C. Libby,* for plaintiff.
*Bernstein & Bernstein,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

FARRINGTON, J. Action seeking recovery for covenant broken by reason of breach of written agreement under seal between the plaintiff and the defendant. After a verdict for the plaintiff in the sum of eighteen hundred dollars ($1,800.00), the case is before this court on general motion, and on exceptions to be noted.

One of the provisions of the written agreement, which was dated June 11, 1930, and a breach of which was claimed as the basis of the suit, was that the plaintiff for the summer season of 1930, beginning June 28 and ending September 2, was to provide for the defendant an orchestra of seven musicians who were to furnish dinner music daily, dance music every night from half-past eight o'clock until midnight, music for rehearsals for plays at least two evenings a week, and concert music, both classical and jazz, three times a week. In the written agreement was a clause that "the said Selberg further agrees to comply with all the requirements of said Charles E. Eichel, the social director for said Company." The agreed price for all services was one hundred and eighty-five dollars ($185.00) a week, and in addition to this the plaintiff, his sister, who was a feature singer, and the seven musicians were to be furnished both board and room for the same period of time.

That the defendant on July 10, 1930, discharged the plaintiff and his orchestra is undisputed. The plaintiff claimed that the discharge was without just cause. The defendant, after pleading the general issue, filed a brief statement that the plaintiff had failed to comply with the requirements of Mr. Eichel, the social director, as provided in the contract, and that the plaintiff was not able to render the classical concert music although he represented that he was so able, and that he was not able to furnish the music for which the agreement called, and that the plaintiff was discharged for justifiable cause.

During the trial the deposition of Mr. Eichel named in the written agreement was offered in evidence. The presiding Justice excluded the answer to Interrogatory 12, which was, "Did the plaintiff comply with all your requirements?", and he also excluded the answer to Interrogatory 13, which was, "If your answer is in the negative, please state in detail in what respects the plaintiff did not comply with all of your requirements?". He also excluded the answer to Interrogatory 18 which was, "What were the representations made to you by Selberg as to the character and quality of the music furnished by his orchestra?"

Philip Dincin, manager of the defendant corporation, was called as a witness and testified that prior to engaging the plaintiff under the contract he had a talk with him as to the character and quality of the music plaintiff could furnish. He was then asked the question, "Will you state to the Court and the jury what statements Mr. Selberg did make in reference to the quality and character of his music?" The answer was excluded.

To the exclusion by the presiding Justice of the answers to the four questions as above stated, exceptions were noted and allowed. There is, however, nothing in the bill of exceptions before this Court to indicate what the answers to those questions would have been, and, without making any finding as to the admissibility of those answers, we repeat what has often been said by this Court, that we have no right to rely on inference or conjecture as to what they might have been.

It is not enough for the excepting party to show that a question technically admissible was excluded; he must go farther and show

affirmatively that he was prejudiced by such exclusion. It must appear in the bill of exceptions or in the record that the answer would have been in favor of the excepting party, otherwise no harm could have been done. *State* v. *Dow*, 122 Me., 448, 449.

The bill of exceptions must show what the issue was, and how the excepting party was aggrieved. Error must appear affirmatively. *Jones* v. *Jones et al*, 101 Me., 447, 450; *Doylestown Agricultural Co.* v. *Brackett, Shaw & Lunt Co.*, 109 Me., 301, 308, and cases cited; *Feltis et als* v. *Lincoln County Power Co.*, 120 Me., 101; *State* v. *Dow*, supra; *D. E. McCann's Sons* v. *Foley*, 129 Me., 486.

The defendant having failed in its bill of exceptions to set forth enough to enable the Court to determine that the points raised were material and that the rulings to which exceptions were taken were erroneous and prejudicial, the first four exceptions must be overruled.

There were two other exceptions also seasonably taken and allowed, one of which was to the following portion of the charge: "* * * and I give you as the rule of law, * * * that under this contract these musicians who were rendering the personal services in playing for that hotel were required and obliged to be of ordinary skill, of ordinary experience and ability to play the various classes of music which this contract calls for, 'dance music, dinner music, music for rehearsals for plays, concert music, both classical and jazz'; and that it was not the intent, and cannot be read into this contract, that it should be to the personal satisfaction or taste, or technical requirement of the social director, Mr. Eichel, but that the true meaning of that provision is that he had a right to make regulations as to time, as to, perhaps, the kind of music at particular times. I think it would be within the purview of that to call for specific numbers or titles of music and things like that with reference to the carrying out of the agreement to furnish the kinds of music that are required; also that they must be able to perform these various kinds of music with the ordinary skill and ability and experience of musicians. They are held to that. They are bound to live up to that requirement; but they are not bound to satisfy the perhaps critical or hypercritical taste or whim or caprice of any particular individual."

We can not agree with the presiding Justice that the true meaning of the provision as to compliance with the requirements of the social director, Mr. Eichel, was limited to the right to make regulations as to time and possibly the kind of music at particular times, or to the right to call for specific numbers or titles of music, or to insistence upon the various kinds of music being performed "with the ordinary skill and ability and experience of musicians." We regard the clause as carrying with it the right to make reasonable requirements as to the manner of performance of the service to be rendered, requirements by which might be measured the ability to perform the various kinds of music with the ordinary skill, ability and experience of musicians *under the facts and circumstances of this particular case.*

Nowhere in this portion of the charge, and nowhere in any other part of the charge, was the jury instructed to consider the question of whether or not such requirements as were disclosed in the record were reasonable or as to whether or not the plaintiff had complied with them as reasonable requirements relating to the rendering or playing of the various kinds of music *under the facts and circumstances of this particular case.*

We feel that these questions should have been submitted to the jury and that it should have been instructed that it was to consider them in connection with all the surrounding circumstances and in view of all the evidence, with due regard to the class of people who were to be served. Had the jury been told that it was to consider this phase of the case, it is not impossible or unlikely that a different conclusion might have been reached. The effect of the above portion of the charge confined within too narrow limits the scope of the jury's inquiry, to the prejudice of the defendant. The statement that the plaintiff was not bound to satisfy what might be the "critical or hypercritical taste or whim or caprice of any particular individual," unqualified by reference to reasonable requirements and compliance therewith, might well have emphasized to the prejudice of the defendant the thought of unreasonableness as conveyed by the charge and might well have misled the jury. The exception should be sustained.

As the case must go back for a new trial, the other exception need not be considered.

The case is also here on general motion and while we feel there is a serious question as to whether the jury, in view of all the evidence, was justified in finding the defendant liable in damages, we make no further comment as to that.

But we are of the opinion that the verdict is clearly excessive in amount. We are unable to give credence to the testimony of the plaintiff and other witnesses as to the manner of obtaining funds with which the plaintiff claims to have paid his orchestra after he and they were discharged by the defendant. If, as he claimed, the plaintiff had obligated himself personally to furnish employment to his orchestra for the remainder of the season, it would not have been necessary for him to show that he had actually paid the members of his organization. The utter unreasonableness of the evidence produced as to his payments to them, and of the evidence as to the sources of the money with which he claimed to have made the payments, compels our disbelief not only as to the fact of the payments but also as to his testimony that he was under any legal obligation to pay, and we feel that the jury was not justified in basing its computation of damages, as it must have done, on its conclusion that there was such obligation on the plaintiff's part. If he was under no such obligation to his associates, the measure of his damages was his own personal loss and that alone. The motion on the ground of excessive damages should be sustained.

*Exception sustained.*
*Motion sustained.*